UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANICE CLARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN SCHOOL DISTRICT )<br>OF PERRY TOWNSHIP, )<br>)<br>Defendant. ) | CAUSE NO:<br><br>1:11-cv-0577 JMS-TAB |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

Plaintiff, Janice Clark, brings this Complaint against the Metropolitan School District of Perry Township for violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., as amended, 42 U.S.C. §1981a.

### II. Parties

2. Janice Clark ("Clark") is a United States citizen who has resided within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

3. Defendant Metropolitan School District of Perry Township ("MSDPT") is overseen by a seven member school board with day-to-day operations being the responsibility of the Superintendant, Dr. Thomas Little. MSDPT conducts its affairs within the geographic boundaries of the Southern District of Indiana.

### III. Jurisdiction and Venue

4.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §12117, and 42 U.S.C. § 2000e-5(f)(3).

5.     Defendant is an "employer" as defined by the ADA, 42 U.S.C. § 12111(5)(A), and as defined by Title VII, 42 U.S.C. §2000e(b).

6.     Clark is an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and as defined by Title VII, 42 U.S.C. §2000e(f).

7.     Clark satisfied her obligation to exhaust her administrative remedies by timely filing charges with the Equal Employment Opportunity Commission ("EEOC"). Clark, having received the appropriate Notices of Right to Sue, brings this action within ninety (90) days of her receipt thereof.

8.     Venue is proper in this Court because all events giving rise to this lawsuit occurred with the Southern District of Indiana.

### IV. Factual Allegations

9.     Clark, a disabled female and began employment with MSDPT in or around November 1987. Her job title was Bus Driver. On April 28, 2010, Clark was forced to retire from employment with MSDPT.

10.    Clark is both a qualified individual with a disability, has a record of disability, and is regarded as an individual with a disability, as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8).

11.    At all times relevant, Clark's work performance met or exceeded Defendant's legitimate expectations.

12. Clark has medical conditions of depression, panic attacks and anxiety, all of which substantially limit various major life functions. Clark has been a recipient of Social Security disability benefits since mid-2008.

13. Defendant had knowledge of Clark's disability(s) and her request for reasonable accommodation.

14. Despite such knowledge and request, Defendant did not reasonably accommodate Clark.

15. Prior to 2009, Clark had a six (6) hour a day route that included two morning runs (1-1/2 hour each) to Rosa Parks Elementary and an afternoon run from Rosa Parks Elementary (1-1/2 hours) and a 1-1/2 hour run from Central 9 (vocational school).

16. Beginning on or about January 5, 2009, Clark's physician placed medical restrictions on Clark that limited her to a half-day work schedule. MSDPT relieved Clark from responsibility for her morning routes, but she continued to run her two 1-1/2 hour afternoon routes.

17. In late May of 2009, Clark advised MSDPT that she intended to file an internal complaint of sexual harassment. In a letter dated June 16, 2009, Clark made a formal internal complaint of sexual harassment.

18. On or about July 23, 2009, MSDPT contacted Clark about her bus route for the 2009-2010 school year. It gave her a choice between running all of her Rosa Parks Elementary runs, AM and PM (4-1/2 hrs. a day); or to take another route totaling only 3 hours a day.

19. Clark asked how many hours a week were necessary to qualify for health insurance benefits. MSDPT informed her she must work a minimum of 20 hours a week to qualify for health insurance benefits. Clark asked for route assignments that would equal 20 hours a week.

20. MSDPT rejected Clark's request. It said she must either work 4-1/2 hours a day on the Rosa Parks Elementary runs (in violation of her work restrictions), or work 3 hours a day elsewhere and forfeit health insurance coverage.

21. Clark requested that MSDPT reconsider and assign her one of the following. Twenty (20) hours a week transporting students on field trips; or, one hour a day in addition to her Rosa Parks Elementary AM route: on field trips, or transporting Choice Children, or handicapped children, or homeless children. MSDPT again rejected Clark's request.

22. Because Clark was unable to work more than four (4) hours a day, she was forced to accept MSDPT's offer of a three (3) hour a day work schedule.

23. Similarly situated, comparable, co-workers who have not initiated complaints of sexual harassment or discrimination, have been permitted to "mix & match" routes to come up with an agreed number of weekly work hours. MSDPT refused to allow Clark to "mix & match" in retaliation for her initiating a claim of sexual harassment. Indeed, Defendant's reasons for taking such adverse action against Clark were pretextual.

24. On October 28, 2009, Clark filed an EEOC charge (#470-2010-00321) alleging violations of Title VII and the ADA. In the body of her charge, Clark specifically alleges unlawful retaliation.

25. Following her forced retirement on or about April 28, 2010, Clark filed an additional EEOC charge (#470-2011-00452) of unlawful retaliation.

26. Defendant acted willfully, intentionally and with reckless indifference for Clark's legally protected rights.

27. Clark has suffered harm as a result of Defendant's violations of law.

–4–

## V. <u>Causes of Action</u>

### <u>Count One – ADA Violation.</u>

28. Clark incorporates paragraphs one (1) through twenty-seven (27) of this Complaint.

29. Defendant unlawfully discriminated against Clark by denying her a reasonable accommodation of her disability.

30. Defendant's actions violate the ADA, 42 U.S.C. §12101 <u>et. seq</u>.

31. Defendant's unlawful actions were willful, intentional, and done with reckless disregard for Clark's federally protected civil rights.

32. Clark has been harmed as a result of Defendant's unlawful actions.

### <u>Count Two - ADA Retaliation.</u>

33. Clark hereby incorporates by reference paragraphs one (1) through thirty-two (32) of this Complaint.

34. Defendant forced Clark into retirement in retaliation for her engaging in the statutorily protected activity of protesting and reporting Defendant's violations of the ADA to Defendant's Human Resource Representative and/or the EEOC.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Clark's rights as protected by the ADA.

36. Clark has suffered harm as a result of Defendant's violation of law.

### <u>Count Three - Title VII Retaliation.</u>

37. Clark hereby incorporates paragraphs one (1) through thirty-six (36) of this

Respectfully submitted,

_____
Kenneth E. Lauter

KENNETH E. LAUTER, PC
134 E. Market Street, Suite 200
Indianapolis, Indiana 46204
Telephone: (317) 634-2200
Facsimile: (317) 634-2776
E-mail:    lauter@reubenlaw.net

Attorney for Plaintiff

## VII.  Demand for Jury Trial.

The Plaintiff, Janice Clark, by counsel, respectfully requests a trial by jury as to all issues deemed so triable.

Respectfully submitted,

_____
Kenneth E. Lauter
Attorney for Plaintiff